**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 2:24-mj-370-KFW |
| DANIELLE RYAN | |

**AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT**

I, Elliot Arsenault, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1. I am a Special Agent ("SA") with Homeland Security Investigations ("HSI") and have been since March 2022. I am currently assigned to HSI's Portland, Maine office. I have participated in numerous criminal investigations, to include matters involving investigations relating to the trafficking of narcotics. Through my training and experience, I have become familiar with the habits, methods, routines, practices, and procedures commonly employed by persons engaged in drug trafficking.

2. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to provide the facts necessary for a determination of probable cause for the requested arrest warrant.

**SHOWING OF PROBABLE CAUSE**

3. I know from my participation in this investigation that since about February 2024, HSI has been investigating the distribution of fentanyl, methamphetamine, and other illegal drugs in Androscoggin County and the surrounding area. Starting in about August 2024, HSI focused its investigation on the

drug distribution activities of an individual known to me (hereinafter, "Coconsiprator-1" or "CC-1"). A grand jury sitting in this district recently returned an indictment charging CC-1 with federal drug crimes, including conspiracy to distribute controlled substances, in violation of 21 U.S.C. § 846.

4. While investigating CC-1, HSI directed two confidential sources and an undercover officer to purchase various controlled substances from CC-1. One of the confidential sources ("CS-1") purchased approximately 7 grams of cocaine, 97.3 grams of fentanyl, and 163.2 grams of methamphetamine from CC-1 across three controlled purchases made in about September 2024.

5. In addition to making controlled purchases, CS-1 also provided information to investigators. For example, CS-1 informed agents of the Maine Drug Enforcement Agency ("MDEA"), in substance, that CC-1 was supplying DANIELLE RYAN, the defendant, with controlled substances for further distribution. In particular, CS-1 stated that RYAN regularly purchased approximately 200 "sticks" of fentanyl (i.e., two kilograms) at a time from CC-1. CS-1 also stated that when CC-1 periodically returned to Kenya for months at a time (where CC-1's wife resided), CC-1 entrusted RYAN to run CC-1's drug distribution business while he was away.

6. I have learned that a second confidential source ("CS-2"), who has worked with FBI's Safe Streets Task Force, stated, in substance, CS-2 was aware that CC-1 had been supplying a major fentanyl dealer in the Oxford County area, and CS-2 identified that dealer as RYAN.

7. I know from my participation in the investigation, and from my review of a search warrant affidavit prepared by MDEA, that based on the information provided by

these confidential sources, among other information, MDEA secured a judicially authorized warrant to search RYAN's residence in Norway for evidence of drug trafficking, on about October 11, 2024. I assisted MDEA in executing that warrant on the same day.

8. The following contraband was recovered from RYAN's residence as a result of the execution of the search warrant (note that all drug weights are approximate and inclusive of packaging):

   a. 786 grams of suspected cocaine, which field-tested presumptively positive for cocaine;

   b. 29 grams of suspected cocaine, which field-tested presumptively positive for cocaine;

   c. 35 grams of suspected fentanyl, which field-tested presumptively positive for fentanyl;

   d. 1 gram of suspected crack cocaine;

   e. 9 grams of suspected cocaine;

   f. 8 grams of suspected crack cocaine;

   g. $12,152 in United States currency; and

   h. An iPhone Pro Max 12

9. Following the search of her residence, I advised RYAN of her *Miranda* rights, and asked if she wished to speak with me. RYAN waived her rights, and sat for an interview, from which I learned the following, in substance and in part:

   a. RYAN admitted that the drugs that were recovered from the residence were hers.

   b. RYAN stated that the money located inside her residence was drug proceeds, and that she owed that money to her supplier.

   c. RYAN stated that her supplier had mailed cocaine to her residence for RYAN to receive and hold on behalf of CC-1, presumably for further distribution. During the execution of the search warrant investigators located cocaine in RYAN's bedroom, which RYAN stated was the cocaine that CC-1 had mailed to her residence. RYAN stated that it had originally been a brick of cocaine (i.e. one kilogram), and that RYAN and her friends had been using the cocaine instead of her providing it to CC-1. RYAN stated that her supplier had accused her of stealing the cocaine, which in fact she attempted to do so.

   d. RYAN admitted ownership of the iPhone Pro Max 12 recovered from her residence, and advised that I would find drug talk on the phone if I were to review its contents, including incriminating messages with her supplier.

## CONCLUSION

10. I respectfully submit, based on the facts set forth above, that probable cause exists to charge DANIELLE RYAN, the defendant, by Criminal Complaint with the offense of possession with intent to distribute controlled substances, to include a mixture or substance containing cocaine, its salts, optical and geometric isomers, and salts of isomers, and a mixture or substance containing N-phenyl-N- [1-(2-phenylethyl)-4-piperidinyl] propanamide (commonly known as fentanyl), in violation of Title 21, United States Code, Section 841(a)(1), and request that the accompanying Criminal Complaint be issued.

Elliot W. Arsenault
Special Agent
Homeland Security Investigations

Sworn to telephonically and signed
electronically in accordance with the
requirements of Rule 4.1 of the Federal Rules
of Criminal Procedures

Date: Dec 04 2024

City and state: Portland, Maine

*Judge's signature*

Karen Frink Wolf, U.S. Magistrate Judge
*Printed name and title*

5